Ruffin, C. J.
 

 On the 7th of March, 1842, George Hoover executed to the plaintiff a mortgage of a slave, to secure the payment of the sum of $500, and died' in May following ; having made a will, which was proved at August Term, 1842, of Randolph County Court, at which time administration with the will annexed was granted to the defendant. The plaintiff then filed this bill-to foreclose the mortgage, or to have the money raised by a sale of the slave. At September Term, 1842, of the Court of Equity, for Randolph County, the defendant not having-put in a plea, answer or demurrer, the plaintiff moved ' the' court, that he might take the-bills
 
 pro confesso,
 
 and set the cause for hearing thereon. But the defendant opposed the motion, on the ground that he was not bound to answer or plead until nine months after taking administration ; and the court, being of that opinion, refused the motion, and the plaintiff appealed-by leave of the court.
 

 The point, on which this appeal was taken, arises on the act of 1828, c. 8 — Rev. St. c. 46, s. 23. By the fourth section it is enacted, that
 
 “
 
 no executor or administrator shall be bound or compelled to plead to .any original suit, brought agaiast him in-any court, until the expiration of nine calendar months from and after his taking upon himself the office of executor or administrator.” It was held by his Honor, that this enactment embraced the present suit in the Court of Equity. But in that construction we do not concur. The language of the act, in itself, is appropriate to proceedings in
 
 *276
 
 a court of law; and it cannot embrace proceedings in Courts p¡qnjty_ unless tbosecourts had been named in the act, or the proceedings therein be within the mischief, for which act was meant as a remedy.. Statutes, which confer rights or regulate contracts, must be observed by all courts. But those, which regulate matters of practice or the course of proceeding, have never been considered as applying to Courts of Equity, unless mentioned. The reason is, that those courts have a peculiar jurisdiction and a settled course of proceeding, subject to be modified, in the discretion of the Chancellor, according to the justice of each case; and it cannot be supposed, that, the legislature intended to abrogate that discretion and alter the course of the court, without plain words to, that effect and directly applicable to the Court of Equity. 'For the legislature knows full well, that, although Equity professes to follow the Law in respect to rights, it does not profess to follow the law in its remedies and course of proceeding; but quite the contrary. And, therefore, when a statute undertakes to regulate the practice of courts, it cannot embrace the Courts ofEquity without plain words oran equally plain implication. This act has no such language. Nor .is there any such mischief in Equity, as that which existed at law, and rendered this aet necessary there. At jaw, assets are admitted unless they are denied by plea; and the plea must truly state the condition of the assets at the commencement of the suit or at the time of
 
 the
 
 plea.— And there can be no doubt, but the purpose of the legislature, in extending the time for pleading, was to give an executor the opportunity of learning the degree of the testator’s indebtedness, and ascertaining the assets by a sale and other means, before he was called on to conclude himself by pleading. But in Equity, an executor is not chargeable with assets upon the silence of his answer as to them, but only upon an admission of them, or upon the report of the Master that he actually has them.
 
 Mitchell
 
 v
 
 Rolards, 2
 
 Dev. Eq. 478. And the filing of the bill, or even a decree to account, does not bind the assets, so as to prevent the executor from paying other creditors in equal degree, unless it be a bill on behalf of all creditors, and a decree thereon for an account.
 
 *277
 

 Allison
 
 v Davidson, 1 Dev. & Bat. Eq. 46. . There could be no prejudice to the estate, therefore, or to'the defendant, by requiring him to proceed immediately in the cau.se; nor any motive for not answering but the mere arbitrary purpose of delaying the plaintiff. No question of assets could, indeed, be made in this particular cause : for on a bill to foreclose there is no decree for the debt against the general assets, but only that the pledge become absolute, or that at the instance of one of the parties, it be sold and the proceeds applied in satisfaction. Whether regard'be had to the words of the act or to the necessity which caused it, we think it equally clear that it cannot be construed to change the course of the Court of Equity ; and the defendant should have been required, according to the act of 1782, (Rev. St. c. 32, s. 4,) “
 
 to put in fits answer or plea, agreeably to the practice in
 
 chancery,
 
 or demur,”
 
 unless, upon reasonable cause shewn, further time had been allowed.
 

 This opinion will be certified accordingly. The defendant must pay the costs in this court. " ~ -
 

 Pee Curiam. Ordered accordingly.